THE PEOPLE, *ex rel.* Ottman *vs.* THE COMMISSIONERS OF HIGH-
WAYS OF THE TOWN OF SEWARD.

To authorize the laying out of a highway through improved, inclosed or cul-
tivated land, there must be a certificate of its necessity, signed by twelve
freeholders. If either of the persons signing the certificate is not a free-
holder, the subsequent proceedings will be without jurisdiction, and those
concerned in enforcing them will be tresspassers.

A recital, in the order of commissioners of highways, laying out a road, that
twelve freeholders have certified as to its necessity, is not conclusive evidence
of the fact. That, being a jurisdictional fact, is open to contradiction.

The proceeding by mandamus, to compel commissioners of highways to open
a road, should not be resorted to, where its necessary effect would be to sub-
ject the commissioners to an action for trespass.

If the facts show a *want of jurisdiction*, so as to make the proceedings entirely
void, this is a sufficient ground for not awarding a peremptory mandamus.

Commissioners of highways are not *estopped*, by the fact that they have
assumed an unlawful authority and acted under it, from asserting their
want of jurisdiction and refusing to proceed further, whenever they discover
their error.

Where an order, laying out a highway, was signed by only two of the com-
missioners, and did not recite the fact that the third commissioner either
attended or participated in the deliberations of the others, or that he had
been notified to do so; but on the contrary it did recite the fact of a notice
that the two who subscribed the order would attend, to decide upon the
application, and that they did in fact hear and decide the same and lay out
the road; *it was held* that the order was void, on its face.

*Held also*, that parol evidence could not be received, to show that in fact the
third commissioner was notified, and attended and took part in the proceed-
ings for laying out the road.

The People *v.* Commissioners of Highways of Seward.

THIS is an appeal from a judgment awarding a peremptory mandamus against the defendants, and was entered upon the decision of Mr. Justice GOULD, who tried the cause at the Schoharie circuit, in December, 1856, without a jury. An alternative mandamus had been issued to the defendants, requiring them to open a highway in Schoharie county, or show cause to the contrary. The writ was wanting in most of the averments usual in such cases, except by a general reference to the affidavits and papers on which the order for the same was granted. For this cause the defendants, at the circuit, moved to quash the same, which motion was refused. It sufficiently appeared that the proceedings for laying out the road originally, were regular, except in three particulars, as to which the parties differed, and upon which they raised issues of fact by a plea to the return; and on these issues the cause went down to the circuit for trial. These issues were, 1. Whether one of the number of twelve persons who originally certified to the necessity and propriety of the road, was a *freeholder*. 2. Whether the order of the commissioners, for laying out the road, was defective in not showing that all three commissioners had met, or been notified to meet, to deliberate upon the propriety of laying out the road. 3. Whether the road was laid out through a yard or inclosure attached to, and necessary for the use and enjoyment of, buildings located upon the same lot.

On the trial at the circuit, the defendants offered to prove that one of the certifying jurors was not a freeholder. The judge rejected the evidence, and the defendants excepted. The order for laying out the road having been produced on the trial, and appearing to be signed by only two commissioners, and reciting only that the *undersigned* had been notified and deliberated upon the matter of the order, the plaintiffs offered to prove by parol that in point of fact the third commissioner was notified, and attended and took part in the proceedings. The defendants objected to this evidence. The objection was overruled and the testimony admitted, and the defendants

excepted. The defendants gave evidence tending to show, as they claimed, that the highway as laid out would encroach upon a yard or enclosure attached to buildings and necessary for their use, but the judge found this fact against the defendants. Having ruled the other two points against them, he gave judgment that a peremptory mandamus issue, and from this judgment the defendants appealed.

*H. Smith,* for the defendants.

*J. H. Ramsay,* for the plaintiffs.

*By the Court,* HOGEBOOM, J. The proceeding by mandamus to *compel* commissioners of highways to open a road should not be resorted to where its necessary effect would be to subject them to an action of *trespass.* This would seem to be clear on principle, and is expressly adjudicated in *Ex parte Clapper,* (3 *Hill,* 458.) If, therefore, the facts shown or proposed to be proved, in this case, are of a character to establish a *want of jurisdiction* so as to make the proceedings entirely *void,* they furnish a sufficient ground for not awarding a peremptory mandamus ; unless for some good reason the parties are estopped from inquiring into these facts. On the trial the defendants claimed to have proved that the highway in question, as laid out, would encroach upon a door-yard. But the judge has found the fact directly otherwise. It certainly is not clear, by a reference to the folios to which the defendants' counsel has referred us, that the judge is mistaken, and it requires an amount of *ciphering,* into which, I think, a court of review is not called upon to enter, to make it even plausibly otherwise. This ground of objection must fail.

The defendants offered to prove that one of the twelve persons, who signed the original certificate as to the necessity of the highway in question, was not a *freeholder.* Such certificate is indispensable in the case of a highway laid out through enclosed, improved or cultivated land, (1 *R. S.* § 70, [58],)

and it must be the certificate of twelve *freeholders.* If it was not so, the proceedings must be, I think, without jurisdiction; for the statute expressly *prohibits* the laying out of a highway through inclosed, or improved lands, without compliance with such a condition. (*See also, Clark* v. *Phelps,* 4 *Cowen,* 190; *Ex parte Clapper,* 3 *Hill,* 458; *The People* v. *Eggleston,* 13 *How. Pr. Rep.* 127.) The court below rejected the evidence, and seems to have placed its decision upon the ground that in that stage of the proceedings no advantage could be taken, and no proof allowed, of the fact. In this I think the judge erred. The fact was a jurisdictional one. The tribunal called upon originally to lay out the road was one of special and limited jurisdiction. The want of jurisdiction made their proceedings entirely void, and the enforcement of them would have made the parties, concerned therein, trespassers. (*Striker* v. *Kelly,* 7 *Hill,* 24. *Corwin* v. *Merritt,* 3 *Barb. S. C. Rep.* 341. *Harrington* v. *The People,* 6 *id.* 610.) The recital, in the original order of the commissioners laying out the road, that twelve freeholders had certified to its necessity, was not conclusive. Being a jurisdictional fact, it was open to contradiction. (*The People* v. *Cassels,* 5 *Hill,* 168. *Prosser* v. *Secor,* 5 *Barb.* 607. *Harrington* v. *The People,* 6 *id.* 610.) Nor do I see that the doctrine of *estoppel* applies, to shut out an inquiry of this kind. It is very difficult to find out, in these anomalous and wholly informal proceedings, who the persons engaged in this controversy are; for the parties, instead of naming the commissioners individually with their title of office annexed, as they should have done, (2 *R. S.* 569, § 106. *Supervisor of Galway* v. *Stimson,* 4 *Hill,* 136. *Commissioners of Cortlandville* v. *Peck,* 5 *id.* 215. *Agent of Mount Pleasant Prison* v. *Rikeman,* 1 *Denio,* 279,) have merely described them by their official designation. Nevertheless, after diligent study we are able to see that only one of the commissioners who signed the original order for laying out the road, is at present a commissioner, and it seems therefore improper to subject their successors to a trespass suit for the

jurisdictional errors of the first commissioners. But the doctrine of estoppel ought not to be applied to all. It certainly would not affect the parties through whose lands the road is laid out, adversely to their wishes, by preventing them from bringing an action of tresspass. And I see no reason why public officers of any description, notwithstanding they may have assumed unlawful authority and acted under it, may not stop short when they discover their error, and refuse to proceed further. To deny them this right would be to visit them against their will, with the highly penal consequences which always attend an usurpation of power.

It may be well in this connection to advert briefly to the case of *The Commissioners of Warwick* v. *The Judges of Orange County*, (13 *Wend.* 432,) which is supposed to interpose a bar to the inquiry attempted to be made on the trial of this cause. That was a case upon *certiorari* to the judges of the common pleas. The point in judgment really was that the authority of the judges on appeal from the commissioners was limited to the *merits ;* to a determination as to the necessity and propriety of the road ; and this was so held upon the peculiar language of the statute, and not upon general considerations of the true office of a certiorari. It is not needful to discuss the question here, whether such a construction was the true one. The court did, however, say in substance, that for irregularities intervening previous to the decision of the commissioners, the proper remedy was by certiorari directed to the commissioners. Though this was but an *obiter dictum*, if the decision of the court on the previous question was correct, there is no occasion here to find fault with it if the remark is limited to mere *irregularities*. If it embraces *jurisdictional* defects, then I think the case is not well considered and is not law. Jurisdictional defects are incurable ; especially in cases of this description, where the commissioners represent not merely themselves, but the public, and where nobody who is aggrieved can be estopped from his proper remedy, unless he be a direct party to the proceeding. At all events it is not a

case arising upon *mandamus*, and such a process will not be issued to compel a party to commit a trespass.

It may not be essential, if I am right in the views already taken, to discuss any other questions presented in the case. There is, however, one of some importance, involving the construction of a statute, which, for the guidance of the parties in further proceedings, it may not be amiss to dispose of here. The order originally laying out the road was, I think, radically defective on its face. It is signed by only *two* of the commissioners. It did not recite the fact that the third commissioner either attended or participated in the deliberations of the others, or had been notified to do so. On the contrary, it did recite the fact that the notice was that the two who subscribed the order would attend to decide upon the application, and that they did in fact hear and decide the same and lay out the road. The rule of the common law, I think, required the united action of the board of commissioners, and it was altered by statute so far as to allow two commissioners of highways to make the order, provided it should appear " *in the order filed by them,*" that *all* met and deliberated, or were duly notified for that purpose. (1 *R. S.* 525, § 125.) This statute received a judicial construction, in *Fitch* v. *Commissioners of Kirkland,* (22 *Wend.* 132,) where the court held the order *absolutely void* for not conforming strictly to the statute ; and even went so far as to say that a recital that the third commissioner "having been duly notified, did not attend," did not satisfy the words of the statute, which required him to be " duly notified to attend a meeting of the commissioners for the purpose of deliberating" on the subject of the application. This construction of the statute was repudiated in *Tucker* v. *Rankin,* (15 *Barb.* 471,) but Mr. Justice Johnson did not agree with his brethren in their disposition of the case. We prefer the former decision, and think it the sounder construction of the statute, and regard it as intending to alter the rule of the common law, if the rule of the common law was otherwise. Nor should the order

be subject to explanation by parol, much less to a presumption against its own contents.    It is against the policy of the law, and the usual practice, to help out records of a special and limited jurisdiction by parol proof.    We think that commissioners of highways, finding an order thus radically defective among the town records, would be .well warranted in refusing to act upon it, and ought not to be driven to the necessity of exploring the town to ascertain if perchance evidence could not be procured that the third commissioner met and deliberated with his associates, or was notified to do so.    We think it was not a case for the admission of parol evidence, and that the judge at the circuit erred in that particular.

The judgment of the circuit court should be reversed, and a new trial granted, with costs to abide the event.

[ALBANY GENERAL TERM, May 3, 1858.   *Wright, Gould* and *Hogeboom,* Justices.]