The attention of the learned judges by whom this case was decided in the court below, could not have been called to the case of Van Steenbergh v. Bigelow, (3 Wend. 42), or they would not have reversed the judgment of the county court. The case is directly in point, and decides the very question on which the learned judges reversed the judgment. In that case the plaintiff sued the defendant, who was agent of the Bristol Turnpike Company, in trespass, for laying the road of that company over his land without having acquired, as he (the plaintiff) insisted, the right so to do. The defendant justified under an act of the legislature, incorporating said company. The plaintiff on the trial proved the laying of the road over his land, and the damages sustained thereby and rested. The defendant put in evidence the act incorporating the company, and the proceedings required thereby, in order to enable the company to acquire a right to build their road over the land of individuals, and amongst other proceedings required, was the appointment by the first judge of Ulster county, if the parties could not agree on the amount of damages, of three persons as appraisers who, the act required, should be freeholders. After the defendant rested, the plaintiff offered to prove that one of the three appraisers appointed was not a freeholder. The defendants' counsel objected to the evidence, and it was rejected. The plaintiff was non-suited, with leave to move to set it aside. SAVAGE, Chief Justice, delivering the judgment of the court upon the point under consideration says: "The judge was certainly right in rejecting the proof that one of the appraisers was not a freeholder. Whether the appraisers were freeholders or not was not enquirable into collaterally, The appointment had been made by an officer whose duty it was to have appointed freeholders and none other. If he erred in that particular, the appointment might have been examined in this court on certiorari, and if illegally made would have been set aside." *Page 109 
There are certain points of difference between the case cited and the one before us, but these differences do not affect the principle which applies to both.
In Van Steenbergh v. Bigelow the appraisers were appointed by a judge, and not by the defendant or the company for which he acted. In this case the defendants themselves made the appointment. There is a principle pervading the cases in which questions of jurisdiction have arisen, and in which the effect of a want of it upon the rights of third persons not cognizant of the defect have been examined, and in which it has been held that while the general rule was, that want of jurisdiction rendered utterly void the process and proceedings of courts and officers, yet that third persons, whose duty it was to execute such process or give effect to such proceedings, could not be made trespassers by obeying such process, unless the want of it was apparent on the face of such process or proceedings; but that the officer or person who issued the void process, c., was himself liable to the injured party for damages sustained.
In the case cited the company acted, and were compelled to act, upon the appraisal made by appraisers over whom or whose appointment they had no control, and hence it might be argued Bigelow in that case was brought within the principle which protects officers acting under like circumstances. But the non-liability of Bigelow was not put on any such ground. He was held not liable, because the appointment of the appraisers was a proceeding which could not be overhauled in a collateral proceeding, but must be, if at all, in one instituted directly for the purpose. The officer who executes process fair on its face, but issued in fact without jurisdiction, is protected, because it would be inequitable and unjust to hold him responsible for acts of others over whom he had no control, and for defects of which he had no notice. But Bigelow and those standing in his place are protected, because the error complained of is *Page 110 
such that it cannot be reviewed in an action to which he is a party.
In the case cited, as well as in the one in hand, the proceedings were special and must conform to the requirements of the statute, or they will fail; and hence, if the appointment of a person not a freeholder would be fatal in the one case it should be in the other; and if the error was not available in the one it ought not to be in the other. The principle upon which the rule applied in the case cited rests would seem to be this: That when in special proceedings in courts or before officers of limited jurisdiction, they are required to ascertain a particular fact, or to appoint persons to act in such proceedings having particular qualifications, or occupying some peculiar relations to the parties or the subject matter; such acts, when done, are in the nature of adjudications, which, if erroneous, must be corrected by a direct proceeding for that purpose, and, if not so corrected, the subsequent proceedings which rest upon them are not affected, however erroneous such adjudications may be.
There is a necessity for this doctrine, as without it it would be almost impossible ever to carry into effect special proceedings affecting property or persons.
The case under consideration affords a very striking illustration of the necessity of the principle for which I contend. The defendants were required to appoint freeholders, only, appraisers. This devolved on them the duty of ascertaining whether there were five freeholders in the corporation. To be freeholders they must own an estate in fee or for life. The five who were designated were found in possession of lands, and this possession is of itself evidence, in the absence of all other proof, of an ownership in fee. (Hill v. Draper, 10 Barb. 458, and cases cited.) Were they required to go further than this? If they had gone to the clerk's office and found a deed, it might have been proved to be a forgery, or although in *Page 111 
form a deed, yet in equity it might be shown to be a mere mortgage. If the trustees must, at their peril, appoint men who should be found to be freeholders after their titles had been litigated, or the proceedings were void, it would be a very hazardous business to be trustees of Medina, or in any other town where such qualifications were required for such officers. The legislature never intended to impose on the defendants any such hazards. It was their duty, acting in good faith, to appoint men who were, upon the evidence before them, freeholders. If they erred, the persons whose rights were affected by the error had the right to review the proceeding, and if the appraisers appointed were not freeholders they would be removed. But if the appointment was left in force, those appointed should forever thereafter be held to be freeholders for all the purposes of that proceeding.
The principle which I understand to govern this case, was applied in Betts v. Bagley. (12 Pick. 572.) That was an action on a judgment recovered in Massachusetts, to which a discharge under the two third act of this State was pleaded. Amongst other grounds insisted upon to defeat the discharge was, that it was void for want of jurisdiction, it not being affirmatively proved that two thirds in amount of the insolvent's creditors had united with him in the petition. But the court held that "the officer acquired jurisdiction of the subject matter when the proceedings were brought before him by a petition,purporting to be a petition by the insolvent in conjunction with persons holding two thirds of all the debts due from the insolvent to persons residing within the United States. I say with creditors purporting to hold two thirds; and it appears to me that this is all that can be required as preliminary proof and in order to give jurisdiction, because, whether the debts are all really due and to the amount stated, is one of the questions, and one of the most important questions, to be judicially inquired into and determined after the court has acquired *Page 112 
jurisdiction." If this were not the rule, the officer who is obliged to act upon the papers presented could never know whether he acquired jurisdiction. If the creditors saw fit not to appear, these objections to the jurisdiction would not be known until an action was tried in which the validity of the discharge was tested and determined. The learned judge who delivered the opinion in Betts v. Bagley, assigns as a reason why a petition purporting to be signed by two-thirds conferred jurisdiction, that the question whether that number did in fact sign was one of the questions to be tried on the hearing before the officer. That was doubtless a sufficient reason in that case, but it seems to me that the principle which authorizes the court to hold that papers which purport to give jurisdiction do give it, may, with great propriety be applied to other cases, and relieve the law from the reproach to which it is subject, of doing injustice to the innocent judge or officer who is in many cases compelled to act, and yet act at the risk of being subjected to damages for acting without jurisdiction although he uses all reasonable precautions to protect himself and the injured party against such a result.
It was held in Graves v. Otis (2 Hill, 466), that trustees of a village did not acquire jurisdiction to cut down a street when the petition, which the statute required to be signed by a majority of those liable to be assessed for the work, had been altered after it was signed by two of the signers, and made to embrace the sidewalk in question — there not being a majority without the two who signed before the alteration. This alteration might or might not be such as to attract the attention of the trustees; and if it did, they had no means of ascertaining when it was made, except by calling upon each of those signing — a duty which ought not to be imposed upon officers who act without compensation. It was said, if not decided, in the People v.Commissioners of highways of Seward (27 Barb. 94), that commissioners of highways did not acquire jurisdiction to lay out a highway *Page 113 
unless all of the twelve persons signing the petition were freeholders. In this case, again, the statute makes no provision by which the commissioners can ascertain whether the signers are or are not freeholders. The conveyance, if to any one or more of them, may not be on record; or if on record, may not in law, and in fact convey a freehold estate. Is it just that commissioners should be required at their peril to ascertain the nature of the estate of each petitioner?
I have selected these cases from a multitude which might be cited to show the great injustice which the rigid doctrine applied in these cases produces to innocent parties. As the law was supposed to stand in this State before Savacool v.Boughton (5 Wend. 180), was decided an officer was not protected by process fair on its face, if the officer or court issuing it had not jurisdiction to issue it. The non-liability of the officer was asserted in that case upon the ground that it was unjust to hold him liable as a trespasser for doing what it was his duty to do without knowing, or having the means of knowing, whether his process was or was not invalid. Now, the very same consideration should excuse the commissioner of highways, or trustee of a village, when they are required to act upon evidence which they cannot be presumed to know is forged, and are without means of determining whether it is or not genuine.
If, in such case, there is a want of jurisdiction, the proceeding should be reversed or annulled. But the officer should not be held to be a trespasser, unless he knows or has reason to know that he is acting without jurisdiction. In other words, the proceedings are assailable for want of jurisdiction in a proceeding brought to review or reverse them, but are not assailable for want of jurisdiction, in an action against the officer, or other collateral proceeding.
The doctrine of Betts v. Bagley, cited supra, comes directly to this result; and it seems to me that it can be productive of no harm, but on the contrary protects the *Page 114 
public officer and yet allows the injured party all the protection he can reasonably require.
The appointment of the assessors, in this case, was but one step in the proceedings to construct the sewer. The defendants have, by the charter, power without petition or other action of the citizens, to order sewers to be made, and of course to do whatever is reasonably necessary to effect that object. It was their duty to conform to the provisions of the charter in executing this power, and if they did not, the proceedings were voidable. But, although voidable, they were a protection to the defendants, until reversed.
If I am right in supposing that the question whether the assessors were freeholders was one which the trustees had the right to decide, and that their decision on that subject cannot be reversed collaterally, then the judgment of the general term should be reversed, and that of the county court and the justice affirmed with costs.
The expenses of the survey and the fees of the assessors, which were added to the contract price of the sewer, were a part of the expense of the work, and were properly inserted in the warrant. The expense of constructing a sewer is not limited to the cost of excavation, building the walls and covering them. Those liable should pay all the expenses actually and in good faith incurred by reason of the work, and which would not have been incurred had the work not been ordered. The items of expense objected to by the plaintiff's counsel, seem to me to be entirely proper, and properly included in the warrant.
The judgment must be reversed, and a new trial ordered; costs to abide the event.
HOGEBOOM and SELDEN, JJ., expressed no opinion. All the other judges being for reversal,
Judgment reversed. *Page 115