HANNAH ALLEN, PLAINTIFF, v. THE UTICA, ITHACA AND ELMIRA RAILROAD COMPANY, DEFENDANT.

*Taking land by railroad — proceedings under chapter 140 of 1850 — cannot be attacked collaterally, except for want of jurisdiction.*

This action was brought to recover the possession of certain land, which the defendant claimed to have taken under certain proceedings had under the General Railroad Act. The plaintiff insisted that no title was obtained by the proceedings, for the reason that the map of the location of the road, filed in the clerk's office, did not embrace the lands described in the petition and now in dispute. The petition alleged that the line had been surveyed, the map filed, the road located, and that the land in dispute was required for the purposes of constructing and operating the road.

*Held*, that, as the plaintiff might have then contested any of these allegations, but had failed to do so, she was concluded by the orders made in the proceedings, and could not now attack them collaterally.

Notice of the motion to confirm the report of the commissioners could not be found, although the order recited that it had been given.

*Held*, that the service of the notice of motion for confirmation was only a step in

the proceeding—a matter of practice; that the failure to give it would not deprive the court of the jurisdiction already acquired or render the order liable to be attacked collaterally.

That the court having acquired jurisdiction of the proceedings, which partook of the nature of an action, they could not be attacked collaterally.

MOTION for a new trial on exceptions ordered to be heard in the first instance at the General Term, after a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*M. M. Waters*, for the plaintiff.

*W. L. Dailey* and *Marcus Lyon*, for the defendant.

LEARNED, P. J.:

The complaint alleges that the plaintiff was the owner of a certain piece of land; that the defendant, by virtue of certain alleged proceedings under the General Railroad Act, has entered upon and taken possession thereof, and it asks that these proceedings be declared void, and that the plaintiff recover possession and damages. The defects alleged are that no notice of the filing of the map or profile of the route was given to the plaintiff; that no notice of the application for confirmation of the report of the commissioners, or of the hearing before them, was given to her.

The answer sets up the proceedings before the commissioners in detail. On the trial, the court directed a verdict that the plaintiff recover possession and nominal damages. The defendant appeals.

On the argument of the case, it was urged by the plaintiff that the lands in dispute are not the lands described in the petition presented to the Supreme Court for the taking of lands under the railroad act; and that, therefore, these lands had never been taken. No evidence, however, was given to show this; and, in fact, the evidence seems to be the contrary.

The descriptions correspond; and the testimony of the appraiser tends to show that the land in question is that which was described in the petition. If it were as the plaintiff claimed on the argument, this would have appeared distinctly on the trial, for it would have been too important a point to be overlooked.

Another ground on which the plaintiff relied on the argument, and which was evidently one of the principal grounds at the trial, was, that by the map of the original location of the railroad, as filed in the clerk's office, the railroad did not embrace any of the lands described in the petition and now in dispute. The plaintiff insists, therefore, that this fact defeats the title obtained by the statutory proceedings.

In the case of *New York and Boston R. R. Co.* v. *Godwin* (12 Abb. [N. S.], 21), a motion was made for the appointment of commissioners of appraisal under the General Railroad Act. In opposition to that motion, it was shown that a proper map, as required by section 22, had not been filed, and the proper notice required by that section had not been given. For that reason, the proceedings were dismissed. That decision seems to be correct. But it does not apply to the present case. If the present plaintiff, when served with the petition for the acquiring title to her lands, had appeared at the time appointed in the notice, she might then have shown, if the fact were so, that no location of the road had been properly made which included her lands. The petition itself alleged that the line had been surveyed, the map filed and the road located, and that the land in question was required for the purpose of constructing and operating said road. These allegations, or any of them, the plaintiff might have then contested; but she did not do this. On every sound principle, they must be taken as established against her. When the law creates a tribunal authorized to decide, and a party, on being legally notified, neglects to appear and contest facts which are within the power of the tribunal, such neglect concludes the party. (*Matter of N. Y. and Jamaica R. R. Co.*, 21 How., 435; *Dyckman* v. *Mayor*, 5 N. Y., 440; *Rens. and Sar. R. R.* v. *Davis*, 43 id., 143.

The proceedings were before this court, not as a court of limited jurisdiction. Jurisdiction having been acquired, the proceedings cannot be assailed collaterally. (*Porter* v. *Purdy*, 29 N. Y., 106; *Matter of N. Y. C. & H. R. R. R.*, 64 id., 62.)

The next objection made by the plaintiff is that the appraisers did not meet in pursuance of any appointment by order of the court, nor was the meeting on notice, nor was the appraisal separate.

The report of the commissioners is produced. That shows that they met at the time appointed in the order; and that they determined the compensation to which the plaintiff was entitled before proceeding to the examination of any other claims. Two of the commissioners were called as witnesses on the trial. Although they do not recollect the exact details of their proceedings, yet they say that they always agreed on the amount of the award before proceeding to another case. The formal report was signed afterwards. It appears by the plaintiff's own testimony that she was present when the commissioners appraised the land in dispute.

On the filing of the report of the commissioners, the final order was entered, reciting the fact of notice to the parties of a motion to confirm; and ordering that the report should be confirmed, and the money which had been awarded to the plaintiff should be deposited in a certain bank to her credit. This order was made in 1870, and the money was so deposited.

It was proved on the trial, that search had been made for the proof of notice of motion for confirmation, and that it could not be found. Some parol evidence was given that such proof had been presented to the court when the report was confirmed. The notice of motion for confirmation is only a step in the proceeding. It is to be given "to the parties or their attorneys, according to the rules and practice of the court." (Section 17, General Railroad Act.) Jurisdiction of the parties and of the subject-matter — that is, the land — is obtained by the service of the petition, and of the notice of its presentation. It cannot be necessary, then, to show, as a matter of jurisdiction, when the proceedings are attacked collaterally, that this notice of the motion for confirmation was served. The court, as laid down in Matter of N. Y. C. & H. R. R. R. Co. (ut supra), had all its powers over the proceedings, to control them and to set them aside. They have been held to be, as it were, a quasi action; and the question whether due notice of the motion to confirm was given, must be treated like any similar question as to due notice of trial or due notice of any motion in an action. The fact that such notice, by the act, may be given to the attorneys, and is to be according to the rules and practice, shows it to be a matter of practice. The

plaintiff knew that soon afterwards the defendant, in pursuance thereof, took possession of the land.

We do not think that a want of jurisdiction has been shown, which authorized the court to direct a verdict for the plaintiff.

The judgment must be reversed; a new trial granted; costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and TAPPAN, JJ.

Judgment reversed; new trial granted; costs to abide event.