## Case No. 4,911.

### FOOTE v. HANCOCK.

[15 Blatchf. 343.] [1]

Circuit Court, N. D. New York. Nov. 12, 1878.

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

E. B. Thomas and Isaac S. Newton, for plaintiff.

A. Taylor and William Gleason, for defendant.

WALLACE, District Judge. Upon the authority of Town of Venice v. Murdock, 92 U. S. 494. it must be held, that the commissioners who issued the bonds in question were the officers to determine whether the conditions precedent to the exercise of their authority had been fulfilled; that they did so decide by issuing the bonds; and that the recital in the bonds. that they were issued by virtue of the several acts mentioned, was a declaration of their decision, which entitles a bona fide purchaser of the bonds to recover, without proving that the precedent conditions had been, in fact, fulfilled. It follows, that the plaintiff in this action should recover, if he has succeeded to the title of a bona fide purchaser, because, even if the plaintiff were not a bona fide holder of the coupons, he is entitled to stand upon the title of any predecessor who was such a holder. Cromwell v. Sac Co., 96 U. S., 51.

The whole issue of bonds, $100 000 in all, was delivered to Delos E. Culver, by the commissioners. Culver was one of the contractors with the railroad company, for build-

'ing the road, and the bonds were delivered to him upon the direction of the railroad company, towards payment for work in building the road. Culver was, therefore, a purchaser for value (Swift v. Tyson, 16 Pet. [41 U. S.] 1), even though he received the bonds in payment of an antecedent debt. He was, also, a purchaser bona fide. It is not shown that he had ever been informed of any infirmity in the origin of the bonds. It is not shown, even, that he was aware that any question had been raised by any one respecting the validity of the bonds. It does appear, that a body of the inhabitants of the town were opposed to the issuing of the bonds, and it may be inferred that they questioned the right of the commissioners to issue them; while it also appears that another body of the inhabitants entertained the contrary view. It may well be conjectured that Culver was aware of this state of local opinion. It is not shown that any definite omission of duty on the part of the commissioners, or any definite non-compliance with the conditions prerequisite to issuing the bonds, was pointed out by any person. This is the whole case, so far as it bears on the question of the bona fides of Culver when he took the bonds. The commissioners were men of respectability and intelligence, and believed themselves justified in issuing the bonds. Upon such a state of facts, it would be unwarrantable to say that Culver was a purchaser mala fide. Such a conclusion cannot be reached upon conjecture. Suspicion, or the knowledge of circumstances which would excite suspicion in the mind of a prudent man, or gross negligence on his part, will not suffice to impugn his position as a bona fide purchaser. Actual bad faith must be shown. Murray v. Lardner, 2 Wall. [69 U. S.] 110, 121; Cromwell v. Sac Co., 96 U. S. 51.

It is urged, that the bonds were delivered to the railroad company in payment for the stock subscribed for by the commissioners; that this was unauthorized by the statute under which the commissioners derived their authority; and that Culver must have known of this, and, for that reason, was not a bona fide purchaser of the bonds. The answer to this argument is, that the commissioners did just what the statute required. They were authorized to dispose of the bonds on such terms as they might deem most advantageous to the town, and invest the money in the stock of the railroad company, and they were required to see that the money derived from the bonds was applied and used in the construction of the road. While they did not sell the bonds and pay over the money to the railroad company, and see that the company applied it to the payment of the contractors, they did what was equivalent—they delivered bonds at par, as money, directly to the contractors, in payment for work; they saw to the proper application of the bonds, and, by an arrangement with the railroad company, were credited with the amount of the bonds upon the subscription for stock. This was entirely in conformity with the act of April 5, 1866 (Laws N. Y. 1866, p. 874, c. 398), but, if any question could be seriously debated, as to the proper exercise of the authority of the commissioners under that act, it is set at rest by section 7 of the act of May 15, 1867 (Laws N. Y. 1867, p. 2290, c. 917).

If it were necessary for a purchaser to look behind the recitals in the bonds, to ascertain whether or not the commissioners were acting in conformity with the conditions precedent to the exercise of their authority in issuing the bonds, serious questions would be presented in this case. It is, however, no longer open to discussion, in this court; that such is not the duty of a purchaser, where the bonds, upon their face, do not put him upon inquiry, by the nature of their recitals. Miller v. Town of Berlin [Case No. 9,562].

As to the other matters of defence sought to be maintained, it is sufficient to say, that the plaintiff is the owner of the coupons, and is, therefore, entitled to maintain this suit, although his sole purpose, in buying them, was to bring an action and collect them in this court. McDonald v. Smalley, 1 Pet. [26 U. S.] 620; Osborne v. Brooklyn City R. Co. [Case No. 10,597]; Barney v. Baltimore City, 6 Wall. [73 U. S.] 280, 288.

Upon the trial, evidence was offered by the defendant to show that the application upon which the county judge appointed the commissioners, was not made by twelve freeholders and residents of the town, as the statute requires, because some of the petitioners were not residents or freeholders. This evidence was excluded, for the reason that the recital in the order of the county judge, that the appointment was made upon the petition of twelve freeholders and residents of the town, cannot be contradicted in a collateral proceeding. Whether or not the petitioners were freeholders and residents were matters in pais, to be ascertained by the county judge, and his order was an adjudication, which can only be assailed in a direct proceeding for its review. Betts v. Bagley, 12 Pick. 572; Porter v. Purdy, 29 N. Y. 106.

The plaintiff is entitled to recover, and judgment is ordered in his favor, accordingly.