## McCall v. Town of Hancock.

(*Circuit Court, N. D. New York.*   January, 1882.)

1. MUNICIPAL BONDS—RECITALS—BONA FIDE PURCHASERS—STATE AND FEDERAL
COURTS.

A statute of a state authorized commissioners, appointed for a town, to borrow
money and execute bonds for the town in aid of a railroad company, and pro-
vided that they should exercise their authority only upon the condition that
the assent of a majority of the taxables should be obtained, which should be
proved by the affidavit of one of the assessors of the town.   The statute made
it the duty of the assessors to make such affidavit when the requisite assents
should have been obtained.   *Held,* that *bona fide* purchasers of the bonds are
not required to show that the requisite number of taxables assented to their
issue, as the affidavit of the assessor is conclusive in their favor; and that the
decision of the highest court of the state to the contrary, if rendered after the
rights of such purchasers were acquired, is not binding upon a circuit court of
the United States.

At Law.

*E. B. Thomas,* for complainant.

*Wm. Gleason,* for defendant.

WALLACE, D. J.   The evidence shows, what so frequently appears
in actions upon coupons and municipal bonds, that the plaintiff pur-
chased the coupons, at the suggestion of those who formerly owned
them, with a view to collecting them in this court, when it was sup-
posed a recovery could not be obtained upon them in the state courts.
By the terms of the purchase the former owners guaranty the collec-
tion of the coupons.   The plaintiff is protected from costs if he is
defeated, and it may be conjectured, from the fact that he is not to
pay for the coupons until two years and a half after the time of pur-
chase, that it was intended by the parties he should not pay for them
at all, if, in the mean time, the suit which he should bring should be
decided adversely to him.   Nevertheless, under the repeated decisions
of this court, as the plaintiff is the owner of the coupons, he can
maintain this action, and his intent in acquiring them is immaterial.
*McDonald* v. *Smalley,* 1 Pet. 620; *Barney* v. *Baltimore City,* 6 Wall.
288; *Osborne* v. *Brooklyn City R. Co.* 5 Blatchf. 368.   He is the real
party in interest and that suffices.   *Allen* v. *Brown,* 44 N. Y. 228.

It has heretofore been held by this court that a *bona fide* holder of
these coupons is entitled to recover thereon notwithstanding the irreg-
ularities which took place in the issuing of the bonds.   *Foote* v. *Town
of Hancock,* 15 Blatchf. 343.   Since that decision the court of appeals
has decided to the contrary.   *Cagwin* v. *Town of Hancock,* 12 W. D. 96.

And it is now insisted that this court should yield to that decision and follow it, as the construction of a state statute by the highest court of the state. If that decision had been pronounced at the time the bonds were issued from which these coupons were cut, and before the rights of purchasers had arisen, the duty of this court would be plain. It would follow the decision, although not convinced by the reasoning upon which it was predicated. But research of counsel has failed to find a case in which the supreme court has adjudged municipal bonds issued under a state statute to be invalid in the hands of *bona fide* holders simply because the highest court of the state has so determined after the rights of such holders had intervened. Sometimes that tribunal has placed itself upon the ground that such questions relate to commercial securities and belong to the domain of general jurisprudence, in which the court will follow its own convictions, as in *Township of Pine Grove* v. *Talcott*, 19 Wall. 666, and *Town of Venice* v. *Murdock*, 92 N. J. 494. And in other cases, on the ground that prior adjudications of the state courts upon similar statutes were in conflict with the later decisions.

Whether these adjudications are a departure from the doctrine established by the earlier decisions of that court, of which *Green* v. *Lessee of Neal*, 6 Pet. 291, is an illustration, is not for this court to inquire, because its duty is plain to conform its judgments to the views of its superior tribunal as they are now entertained by that body. It has, indeed, been repeatedly said by the supreme court, in actions upon such bonds, that where there has been a fixed and settled construction by the state courts, it would be unseemly to depart from that construction; but this was said in cases where such construction has been settled before the bonds where issued. See *Township of Elmwood* v. *Marcey*, 92 U. S. 289. On the other hand, as in *Fairfield* v. *County of Gallatin*, 100 U. S. 47, the court has not hesitated to reverse its own rulings, adverse to the validity of such bonds, in order to follow later decisions of the state courts sustaining their validity.

The case of *Town of Venice*, 92 U. S. 494, must be accepted as controlling upon this court in the disposition of the present case, both because it is one of the most recent expositions of the views of the supreme court upon the general questions involved, and because it is a precedent directly in point. There, the validity of the bonds issued under a statute of this state, very similar to the statute under which the bonds in suit were issued, was the question under consideration. That statute authorized the supervisor of the town and the railroad

commissioners to borrow money and execute bonds for the town in aid of a railroad company. It provided, however, that they should have no power to do so until the written assent of two-thirds of the taxables of the town should have been obtained and filed in the clerk's office of the county, together with the affidavit of such supervisor or commissioner, or any two of them, to the effect that the persons assenting comprised two-thirds of the taxables. Assents were filed, together with the requisite affidavits, and the bonds were issued, but it was not shown upon the trial that two-thirds of the taxables had in fact assented. Notwithstanding the decision of the court of appeals of this state, that under this statute the *onus* was on the bondholder to show in a suit against the town that two-thirds of the taxables had assented, (*Stavin* v. *Town of Genoa,* 23 N. Y. 439,) and notwithstanding the decision of the same court upon a very similar statute in *Gould* v. *Town of Sterling,* 23 N. Y. 456, the supreme court held that the act constituted the supervisor and commissioners a tribunal to determine whether the requisite assents had been obtained, and their decision, as evinced by making the affidavits, and issuing the bonds, was conclusive in favor of a *bona fide* holder.

The bonds in the present case were issued under a statute which authorized commissioners appointed for the town, to borrow money and execute bonds for the town in aid of the railroad company. The act provides that the authority of the commissioners shall only be exercised upon the condition that the assent shall be obtained of a majority of the taxables, and declares that the fact that such majority has been obtained shall be "proved" by the affidavit of one of the assessors of the town. The act makes it the duty of the assessors to make such affidavit when the requisite assents shall have been obtained. If there is any material difference between this act and the one considered in *Town of Venice* v. *Murdock,* it is that here the statute declares the fact of the consents having been obtained "proved" by the affidavit, while in the other such effect could only arise by implication,—a difference which it might be supposed would materially fortify the position of the purchasers of the present bonds.

Since these bonds were issued the court of appeals has decided, notwithstanding the declaration of the act that the facts that the requisite assents have been obtained shall be proved by the affidavit, that it is still incumbent on the purchaser to ascertain whether the fact thus proved is true or not. In *Town of Venice* v. *Murdock* the supreme court held he was not required to look behind the recital in the bond.

This court cannot follow the court of appeals without obviously ignoring the plain and conclusive adjudication of the supreme court upon the same question in *Town of Venice* v. *Murdock.*

It must, therefore, be determined that the plaintiff is entitled to judgment, although he failed to show that the requisite number of taxables had assented to the issuing of the bonds.