## JAMES FRAZEE MILLING CO. v. STATE.

### (Court of Claims of New York. August 17, 1911.)

1. EMINENT DOMAIN (§ 152*)—COMPENSATION—GROUNDS—INTEREST OF PLAINTIFF.

   A private switch laid on a railroad's right of way connected a manufacturing company with the railroad, and the company had traffic contracts with the road. The state appropriated part of the railroad's right of way, cutting off the manufacturing company's switch. *Held* that, as the manufacturing company had no interest in the right of way, it was not entitled to compensation for the appropriation, even though the railroad was prevented from carrying out its contracts, and the manufacturing company was greatly injured.

   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 403–406; Dec. Dig. § 152.*]

2. EMINENT DOMAIN (§ 90*) — COMPENSATION — INJURY TO PROPERTY NOT TAKEN.

   Barge Canal Act (Laws 1903, c. 147) § 4, as amended by Laws 1906, c. 365, Laws 1908, c. 196, Laws 1909, c. 273, gives the Court of Claims jurisdiction to determine the amount of compensation for lands, structures,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and waters appropriated, and Canal Law (Consol. Laws 1909, c. 5) § 47, provides that every person sustaining damage shall recover the amount sustained in the Court of Claims, but that no judgment shall be rendered unless the facts proved make out a case which would create a legal liability against an individual or corporation. *Held*, that these laws did not authorize compensation for injury to adjoining premises which were not taken.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 233; Dec. Dig. § 90.*]

Claim by the James Frazee Milling Company against the State of New York. Claim dismissed.

This claim arises out of an appropriation made by the state of property of the Syracuse & Baldwinsville Railroad Company in the village of Baldwinsville, Onondaga county, N. Y. No part of the real estate occupied by the claimant was taken. The real estate of the railroad company appropriated was situated some distance from the property of the claimant, and the claim is that by the appropriation the state has cut off access from the railroad to the claimant's premises, and thereby caused it damages for which the claim of $100,000 is made against the state. The property of the claimant was connected with the main line of the Syracuse & Baldwinsville Railroad by a branch line which was built and maintained for the exclusive use of the claimant upon a right of way granted by the claimant to the company under a contract with the railroad company. The appropriation prevented, it is claimed, all traffic facilities of the claimant over the Syracuse & Baldwinsville Railroad and compelled it to employ teams and wagons to market its product to its damage in the amount stated.

Nash, Britcher & Eckel, for claimant.

Thomas F. Carmody, Frank W. Brown, and M. H. Quirk, for the State.

RODENBECK, J. [1] There is no principle of law and no statute under which the claimant can predicate a right to a recovery in this claim. There is no privity of contract between the state and the claimant, and no liability can therefore be predicated upon any contractual relation. The contracts which claimant puts forward as the basis for a recovery were made with the Syracuse & Binghamton Railroad Company, and, if there has been a breach of this contract, its remedy is against the company. There has been no appropriation of any part of claimant's property. The appropriation made by the state was of property of the Syracuse & Binghamton Railroad Company located some distance from the premises of the claimant. In the property thus appropriated the claimant had no interest except under the contracts referred to, which, however, did not constitute an interest in any rights owned by the railroad company and appropriated by the state. A claimant is not entitled to recover under an appropriation of real property unless he has some interest in the real property. This interest may be manifested by a conveyance of a lesser estate than a fee or by some contract under which some interest in the premises is to be conveyed. Contracts like those of the claimant do not give an interest in real estate appropriated. Claimant's only remedy in case of a breach would be an action against the railroad company. It would have no remedy against the state for the appropriation of property of the railroad company situated away from its own premises, how-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ever much the appropriation may interfere with the operation of the railroad. If this were not true, any interference by the state with the operation of any of the railroads of the state by appropriations would give those who might have contracts with railroad companies a right of recovery against the state for the liability of the railroad company to carry out its contracts.

[2] There is no statute which assumes a liability on the part of the state. By the barge canal act this court was given jurisdiction to determine the amount of compensation for lands, structures, and waters appropriated (Laws 1903, c. 147, § 4, as amended by Laws 1906, c. 365, Laws 1908, c. 196, Laws 1909, c. 273). This statute limits the jurisdiction and compensation to appropriations which have been taken possession of by the state and for which notices have been served or filed. The canal law allows every person sustaining damages from the canals or from their use or management or from any other matter or thing connected with the canals to recover the amount of such damages in the Court of Claims, but this language was not intended to cover any damages which would not be recoverable in the ordinary courts as between individuals or corporations, for the same section provides that no judgment shall be awarded by the court unless the facts proved make out a case which would create a legal liability were the same established in evidence in a court of justice against an individual or corporation. Canal Law (Consol. Laws 1909, c. 5) § 47. No such situation as is presented by the facts in this claim would arise as between individuals, and no corporation having the power of eminent domain would be liable under the same facts. There are many cases of damages resulting from eminent domain known as consequential damages which are not recoverable. The appropriation of premises may seriously injure and materially depreciate the value of adjoining premises, but because there has been no actual invasion no recovery can be had. However unfair in some cases this rule may seem, it is nevertheless established as the law of the state, and must be followed until changed.

There is therefore no basis upon which a recovery can be predicated, and the claim must be dismissed.

SWIFT, J., concurs.