THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY GRIECO, Relator, Appellant, v. THOMAS H. MURPHY, as Warden of Clinton State Prison, at Dannemora, New York, Respondent.— Appeal from an order of the County Court of Clinton county dismissing relator-appellant's writ of habeas corpus. The relator-appellant was convicted of burglary and grand larceny, and on November 17, 1926, was sentenced for a definite term of five years and two months. After serving approximately a year and a half of such sentence the Governor granted a special commutation, which permitted relator-appellant to be released on parole. In granting this commutation certain conditions were specified by the Governor, one being that if the relator-appellant was thereafter convicted of a felony committed while on parole he would be compelled to serve, in addition to the sentence imposed for the subsequent felony, the balance of the commuted term without deduction for good behavior. As the result of this commutation the relator-appellant was released on parole July 30, 1928, and upon the date of his release he owed three years, six months and twenty-eight days upon the original five years, two months' sentence. While on parole, and prior to the expiration of the balance of his commuted term, he committed the crimes of burglary in the third degree and grand larceny in the first degree, for which crimes he was sentenced, on June 16, 1931, to a definite term of ten years in prison. By committing a felony while on parole and within the limit of his five years, two months' term, he breached the specific

condition of his commutation and was required to serve the balance of the commuted term, without deduction or commutation for good behavior. On June 16, 1931, he began to serve the three years, six months and twenty-eight days yet remaining of his five years, two months' sentence, and remained in prison from June 16, 1931, until January 14, 1935, serving out the balance of the previously-commuted sentence. On January 14, 1935, he commenced service of the ten-year sentence imposed for the subsequent felony. He was released on parole on this ten-year sentence on August 9, 1939, after he had served approximately half of this term. The conditions imposed by the Governor upon the granting of the commutation were proper, and, by the breaching of the specific condition of the commutation by the subsequent commission of a felony, relator-appellant forfeited all benefits and was properly required to serve all of the commuted term. The power of the Governor to grant commutations " upon such conditions and with such restrictions and limitations, as he may think proper " is derived from the Constitution. (State Const. art. 4, § 4.) Order unanimously affirmed. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.