THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. BURDETT ARNINK et al., Defendants, and LAWRENCE TENHUISEN et al., Respondents.— Judgment affirmed, with costs. All concur, except Dowling, J., who dissents and votes for reversal and for judgment of foreclosure for the plaintiff as prayed for in the complaint, in the following memorandum: A fundamental error was made by the County Treasurer in thinking he had the right to sell the property in question because the State Department of Taxation and Finance and the Department of Audit and Control had returned his list without noting whether this property was or was not to be advertised to be sold as provided in section 157 of the Tax Law. The treasurer had no power to sell property "which shall then be mortgaged to the commissioners for loaning certain moneys of the United States" unless these departments specified "(b) which of such parcels, if any, shall be advertised to be sold at such tax sale, and (c) which of such parcels, if any, shall not be advertised to be sold at such tax sale." The statute required those departments to mark the property for advertisement for sale or not to be advertised for sale. In other words, the treasurer had no power to sell a parcel on which the State had a United States loan mortgage which had not been marked for sale. The treasurer should have stricken the parcel in

question from the list and should have returned it to the Department of Taxation and Finance as if it had not been marked for sale. Having treated the parcel as authorized for sale, the treasurer was right in deeding it subject to the State's mortgage. (Tax Law, § 154.) A tax lien is superior, under the common law, to a privately held mortgage. (*Security Building & Loan Assn.* v. *Carey*, 259 App. Div. 42, affd. 286 N. Y. 646.) Section 150 of article 10 of the State Finance Law requires the Comptroller to foreclose all mortgages upon which default is made in the payment of principal or interest. The State cannot be estopped by the unauthorized acts of its officers. (*Wells* v. *Johnston*, 171 N. Y. 324, 328; *People* v. *Santa Clara Lumber Co.*, 213 N. Y. 61, 67; *People ex rel. Turner* v. *Kelsey*, 180 N. Y. 24, 26; *People* v. *Douglass*, 217 App. Div. 328, 330.) A valid sale for nonpayment of taxes discharges the tax on delivery of the tax certificate. (*Matter of Ueck*, 286 N. Y. 1.) It is not to be supposed that the State intended to make these United States loan mortgages precarious by subjecting them to the liability of being swept away by the summary process of tax sales. (*Trustees of Public Schools* v. *City of Trenton*, 30 N. J. Eq. 667, 686.) That case indicates that our State, in making loans of United States funds, was not acting in a proprietary capacity. The State, here, was not engaged in common business as was the United States in *Bank of United States* v. *Planters' Bank* (9 Wheat. [U. S.] 904). (The judgment dismisses plaintiff's complaint in an action to foreclose a mortgage.) Present — Taylor, P. J., Dowling, McCurn, Larkin and Love, JJ.