The People of the State of New York ex rel. Guy J. Depew, Relator, against New York State Board of Parole et al., Defendants.

Supreme Court, Special Term, Broome County, May 26, 1947.

*Samuel Feldman* for relator.

*Nathaniel L. Goldstein, Attorney-General (William S. Elder, Jr.,* of counsel), for respondents.

Deyo, J. The relator was convicted of assault, second degree, in the Broome County Court on September 30, 1926, and sentenced to a definite term of ten years. On May 19, 1933, on the recommendation of the Prison Board the Governor reduced his sentence by two years, nine months and five days, and directed his discharge from prison, on condition, however, *inter alia*, that if he should " during the period between the date of his release by reason of such reduction and the date of the expiration of the full term for which he was sentenced, commit a felony within this State, * * * and if he shall be convicted of such crime at any time, he shall in addition to the sentence which may be imposed for such felony be compelled to serve in a state prison the remainder of the term hereby reduced, without commutation, or compensation which he would have been compelled to serve but for such commutation, but he may, however, earn compensation in reduction of the remainder of such term.''

On April 29, 1935, and before the expiration of his full sentence, he was convicted of forgery, second degree, and again sentenced to a definite term of ten years. On December 24, 1943, his sentence was conditionally commuted for a second time and he was again released on parole. The relator now claims that both sentences expired as of April 4, 1947, and that he is entitled to a full and unconditional release from the jurisdiction of the parole board. Whether or not he is correct depends upon the expiration date of his first sentence which in turn governs the date when his second sentence went into effect.

The Governor has full and complete authority as to commutation and pardons superior to that of the Legislature, and hence he is not limited by the various provisions of law enacted in relation thereto, and may attach such conditions as he deems

fit and proper. (N. Y. Const., art. IV, § 4; *People ex rel. Kleinger* v. *Wilson,* 254 App. Div. 406, 409; *People ex rel. Brackett* v. *Kaiser,* 209 App. Div. 722.) This constitutional prerogative is something quite different from the parole of prisoners serving indeterminate sentences. A commutation reduces and terminates a sentence except as otherwise provided. (Correction Law, § 241; *Lehrman* v. *State of New York,* 176 Misc. 1022.) A paroled prisoner remains in the legal custody of the prison until the expiration of his maximum term. (*People ex rel. Cecere* v. *Jennings,* 250 N. Y. 239, 240; *Matter of White* v. *State of New York,* 166 Misc. 481.)

Upon his second conviction the relator was properly required to serve out the balance of his first term before entering upon his second term. (*People ex rel. Grieco* v. *Murphy,* 258 App. Div. 823.) The time which he owed was two years, nine months and five days, and the expiration date was therefore February 5, 1938. The commutation, however, specifically gave the relator the right to " earn compensation in reduction of the remainder of such term." In this respect it differed from section 242 (now § 241) of the Correction Law, and from the commutation which he was subsequently granted on his second sentence. However, as we have seen, the Governor had full authority to attach such conditions as he deemed advisable. This right to earn compensation time in the event of a subsequent conviction, was one of those conditions. The relator earned and was credited with eight months and ten days' compensation time on the remainder of his first term which accelerated the expiration date of his first sentence and the commencement of his second sentence to May 25, 1937. The ten-year sentence less fifty days' jail time would make the expiration date of his second sentence April 5, 1947. Since both sentences, as commuted, have fully expired, the relator is entitled to a complete and immediate discharge from custody and from the jurisdiction of the parole board.

As an added reason for his immediate release, the relator alleges that the defendants are estopped from questioning this expiration date by virtue of the allegation contained in their return to a previous writ wherein it was stated that the present sentence would expire on or about April 4, 1947. From the standpoint of justice and fairness, there is considerable merit in this contention, since the relator certainly relied on the statement and refrained from pursuing an appeal by reason thereof. However, the expiration date of the sentence depended upon the Governor's commutation and not upon any act of the

defendants. The Board of Parole had no authority to either increase or decrease the sentence as commuted. The doctrine of estoppel cannot be invoked against the State in support of unauthorized acts of its officers or agents. (*People* v. *Santa Clara Lumber Co.*, 213 N. Y. 61, 67; *People* v. *Arnink*, 270 App. Div. 792, affd. 296 N. Y. 657.)

An order may be submitted sustaining the writ of habeas corpus and directing the immediate release of the relator.