WILLIAMS OIL COMPANY, INC., Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 29463.)

Court of Claims, September 8, 1950.

*George Kohn* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Joseph Drago* of counsel), for defendant.

YOUNG, J. This claim comes before the court on stipulated facts. The State of New York appropriated for highway purposes land owned by one Parzych, which had been used by him as a gas station. On it was certain equipment owned by the claimant and leased to Parzych for as long as he distributed claimant's products. The State paid Parzych for the damages he sustained as a result of the appropriation, specifically excluding therefrom any claim of Williams Oil Company, Inc., the claimant herein.

On the day that the Parzych claim was adjusted, the State entered into an " agreement of adjustment " with the claimant to pay it $485 to remove its equipment from the land appropriated.

On another occasion the State had contracted with the claimant to pay it for removing its equipment from appropriated land. The claimant moved the equipment and was paid by the State.

Having dealt satisfactorily with the State before, and relying upon the " agreement of adjustment ", the claimant moved its equipment off the land appropriated from Parzych. After all of it had been removed the State informed the claimant that it would not pay, asserting that it could not legally pay damages for personal property in connection with the appropriation of real property.

Among other defenses the State raises the point that the contract was not a valid one for the reason that it was never signed by any officer or representative of the State and was never approved by the Comptroller. Assuming, however, that the contract was valid as to form, this court feels that the claim must still be dismissed.

Subdivision 13 of section 30 of the Highway Law gives the Superintendent of Public Works authority to adjust claims " for the value of the property appropriated and for legal damages caused by any such appropriation ". This section was specifically stated in the " agreement of adjustment " to be the authority therefor.

The contract between the claimant and Parzych under which the equipment was put on the latter's land provided only for

a bailment of personal property (*Standard Oil Co.* v. *Dolgin,* 95 Vt. 414), to be terminated by its terms immediately upon any disposition of the land by Parzych. The contract did not confer upon the claimant any interest in the property owned by Parzych and appropriated by the State. (*Frazee Milling Co.* v. *State of New York,* 73 Misc. 529.)

The claimant, having no interest in the property, could have no claim resulting from the appropriation. There was no authority under section 30 of the Highway Law to compensate this claimant and it was beyond the powers of the State's representatives to contract to do so.

The unauthorized acts of its agents and officers does not estop the State from denying the validity of a contract. (*People* v. *Santa Clara Lumber Co.,* 213 N. Y. 61; *People ex rel. Ottman* v. *Commissioners of Highways,* 27 Barb. 94, affd. *sub nom. People ex rel. Ottman* v. *Hynds,* 30 N. Y. 470; *People* v. *Finch, Pruyn & Co.,* 207 App. Div. 76; *Lee* v. *State of New York,* 187 Misc. 268; *Matter of Rosa,* 172 Misc. 808; *McMahon* v. *State of New York,* 178 Misc. 865; *People ex rel. Depew* v. *New York State Bd. of Parole,* 189 Misc. 321.) This is true even though the State has received the benefit of performance. (*Seif* v. *City of Long Beach,* 286 N. Y. 382, motion for reargument denied, 287 N. Y. 836; *McMahon* v. *State of New York, supra; Wyler* v. *Eckert,* 73 N. Y. S. 2d 789; 49 Am. Jur., States, Territories and Dependencies, § 86, p. 299.) Those dealing with an agent of the Government must be held to have notice of the limitation of his authority. (*McMahon* v. *State of New York, supra;* 49 Am. Jur., States, Territories and Dependencies, § 86, p. 300. For a detailed comment on estoppel as it is applicable to State Governments, see 1 A. L. R. 2d 338.)

It has been said that estoppels are odious (31 C. J. S., Estoppel, § 3, p. 193). The present case seems to be no exception. However, the moral justification is well stated in *People ex rel. Ottman* v. *Commissioners of Highways* (27 Barb. 94, 98, *supra*), where the court says " And I see no reason why public officers of any description, notwithstanding they may have assumed unlawful authority and acted under it, may not stop short when they discover their error, and refuse to proceed further. To deny them this right would be to visit them against their will, with the highly penal consequences which always attend an usurpation of power." Of course, this situation would never have arisen had the State determined the limits of its authority before it had induced the claimant to perform.

Claim dismissed.