THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* SANTA CLARA LUMBER COMPANY et al., Respondents.

Forest preserve — construction of provisions of Constitution (Art. 7, § 7) relating to title to lands and timber of forest preserve — illegal compromise of an action involving title of state to forest lands — estoppel not invoked by reason of unauthorized acts of state officers.

The Constitution of the state (Art. 7, § 7) effective January 1, 1895, reserves to the People the title to the lands and timber then or subsequently owned by them within the forest preserve, and forbids

the legislature and each officer and department to dispose or in any manner deprive them of it. Hence, the forest, fish and game commissioner had no right under the provisions of section 20 of chapter 220 of the Laws of 1897, as amended by chapter 135 of the Laws of 1898, to stipulate in compromise of an action involving title to lands that upon conveyance to the state of such title and of title to other lands owned by them the claimants could dispose of and remove timber from the lands so conveyed. Such statute did not authorize the commissioner or the state to settle and compromise the action and adjust the claims therein in contravention of the constitutional provision, and the doctrine of estoppel cannot be invoked against the state in support of the unauthorized acts of its officers and agents.

*People* v. *Santa Clara Lumber Co.*, 161 App. Div. 905, reversed.

(Argued October 13, 1914; decided November 10, 1914.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 23, 1914, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James A. Parsons, Attorney-General* (*Valentine Taylor* and *Benjamin McClung*), for appellant. In 1904 the legislature was prohibited by the State Constitution from empowering the forest, fish and game commissioner to alienate any part of the real property of the state in the forest preserve. (2 Black. Comm. 349; *Christy* v. *Burch*, 25 Fla. 942; *First Nat. Bank* v. *Roberts*, 9 Mont. 323; *Hitz* v. *Jenks*, 123 U. S. 297; *McGregor* v. *Comstock*, 17 N. Y. 166.) The state is never estopped by the acts of any of its officers without or beyond their authority. (Throop on Public Officers, 551; Bishop on Cont. § 993; *Litchfield* v. *Bond*, 186 N. Y. 66; *Ontario Knitting Co.* v. *State of New York*, 205 N. Y. 409; *State* v. *Chilton*, 49 W. Va. 453; *State* v. *Ball*, 13 N. W. Rep. 412; *Cordill* v. *Quaker Realty Co.*, 130 La. Ann. 933; *Filor* v. *U. S.*, 9 Wall. 45; *Pulaski County* v.

*State,* 42 Ark. 118; *Childress Co. Lands & Cattle Co.*
v. *Baker,* 23 Tex. Civ. App. 451; *Mullen* v. *State,* 114
Cal. 578; *Camp* v. *McLinn,* 44 Fla. 510.)

*Edward M. Angell, Ernest P. Hoes* and *Frank L.
Hall* for respondents. The commissioner had jurisdiction
under the law to settle the action. (L. 1898, ch. 135,
§ 20.) Plaintiff is estopped from asserting the unconsti-
tutionality of the statute under which this settlement
was made. (*United States* v. *Realty Co.,* 163 U. S. 437;
*People* v. *Hagadorn,* 104 N. Y. 516; *People* v. *Ostrander,*
144 App. Div. 860; *United States* v. *Stinson,* 125 Fed.
Rep. 907; *State of Indiana* v. *Milk,* 11 Fed. Rep. 389;
*Chope* v. *Detroit & Howell P. R. Co.,* 37 Mich. 195;
*United States* v. *Willamette Valley, etc., Co.,* 54 Fed.
Rep. 807; *City of N. Y.* v. *Halsey,* 132 App. Div. 192;
*Brown* v. *Bowen,* 30 N. Y. 519; *N. Y. Rubber Co.* v.
*Rothery,* 107 N. Y. 310.) The statute is not unconsti-
tutional. (*People* v. *Brooklyn Cooperage Co.,* 187 N. Y.
142; *People ex rel. Dady* v. *Prendergast,* 144 App. Div.
308; 203 N. Y. 1; *W. I. B. Co.* v. *Town of Attica,* 119
N. Y. 204; *Matter of Green,* 166 N. Y. 485; *Trustees of
Exempt Firemen's Fund* v. *Roome,* 93 N. Y. 313.)

COLLIN, J. The plaintiffs seek a judgment vacating a
judgment of November 8, 1904, in an action in the
Supreme Court, in which the People of the state were the
plaintiffs and the Santa Clara Lumber Company, George
R. Finch and George N. Ostrander were the defend-
ants, a stipulation of the parties and an order of the court
upon which the judgment was rendered and awarding
them damages. Thus far they have failed. The trial court
found, in effect, as facts: Through a year or more last
prior to July, 1904, the state, represented by the forest,
fish and game commissioner upon the one hand and the
lumber company, Finch and Ostrander upon the other,
claimed title to about two thousand acres of land in the
counties of Essex and Hamilton, and, therefore, if owned

by the state, a part of the forest preserve. (Laws of 1885, ch. 283, §§ 7, 8; Laws of 1893, ch. 322, § 100.) The lumber company, Finch and Ostrander were in possession. The claim of either party was made in good faith, with reason, and was based upon facts and legal questions so numerous and involved that it could be established only through a determination by the courts. In July, 1904, the commissioner, in behalf and in the name of the People of the state, commenced an action in the Supreme Court against the lumber company, Finch and Ostrander to ascertain and determine the title to the lands, which was put in issue by the pleadings.. On November 8, 1904, pursuant to a written stipulation between the parties and an order of the court made upon it, judgment was rendered in that action dismissing the complaint on the merits, and that Finch and Ostrander were seized in fee and entitled to possession of the lands. Thereupon, the defendants in the action, as provided and required by the stipulation, conveyed to the state the said lands, and in addition thereto more than 1,400 acres of other lands concededly owned by them, reserving to themselves, their heirs or assigns the right at any time within eight years from October 21, 1904, to cut and remove from all of those lands the soft wood timber down to eight inches in diameter on the stump at the time of cutting, and certain rights necessary thereto. The stipulation and all the subsequent proceedings were in good faith, and based upon section 20 of chapter 220 of the Laws of 1897, as amended by chapter 135 of the Laws of 1898, and in reliance upon the validity thereof. This action was commenced July 10, 1910, and is to vacate the said stipulation, order and judgment, upon the grounds that (a) they were unauthorized and (b) were fraudulent, and to recover the possession of the lands and damages for withholding the possession and for waste. The trial court held as matter of law, and erroneously, that the action of 1904 was compromised, and the claims adjusted by the forest, fish

and game commissioner lawfully, pursuant to the statutes, and the judgment of November 8, 1904 was valid and binding on all the parties to it.

The Constitution of the state, effective January 1, 1895, reserved to the People the title to the lands and timber then or subsequently owned by them within the forest preserve, and forbade the legislature and each officer and department to dispose or in any manner deprive them of it. It provided: "The lands of the State, now owned or hereafter acquired, constituting the forest preserve as now fixed by law, shall be forever kept as wild forest lands. They shall not be leased, sold or exchanged, or be taken by any corporation, public or private, nor shall the timber thereon be sold, removed or destroyed." (Const. art. 7, § 7.) The legislature could not (*Poindexter* v. *Greenhow*, 114 U. S. 270, 290) and did not by the statutes relied upon by the trial court authorize the forest, fish and game commissioner to violate the provision. He was by them given the powers, among others, "to bring, in the name of the people of the state, any action * * * to ascertain and determine the title to lands in the Adirondack park or in the forest preserve, claimed by any person or persons, associations or corporations adversely to the state, and, if such lands are held or occupied by or under such claimants, to recover * * * damages for any timber cut or moved from any lands, involved in such action * * *," to "make any demand, tender or offer, before or after commencing any action or special proceeding, deemed necessary or proper for the purpose of entitling it to enforce or defend any right or claim on behalf of the state, and may in " his " discretion, settle and compromise any suits and special proceedings authorized by this section and adjust the claims involved therein." (Laws of 1897, ch. 220, § 20, as amended by Laws of 1898, ch. 135; Laws of 1901, ch. 94.)

Argument is not needed in support of the assertion that the statutory provisions had a broad scope not involving

or dependent upon the disposition by the commissioner of lands or timber which are in fact or in the belief of himself or the state owned by it within the forest preserve.

.    The stipulation under consideration disposed of or provided for the disposition and removal of all "the soft wood timber down to eight inches in diameter on the stump at the time of cutting" until October 21, 1912, from the two thousand acres of land which the commissioner and the state believed it owned within the forest preserve. The stipulation and sequent transaction, if valid, was, in effect, that the state released to the defendants in the action such title to the timber as it had, whether perfect or otherwise, and they released to the state their title, whatever it may have been, in the land minus the timber, and in other land. The complaint in the action of 1904 alleged that the state owned the land and timber. Had the state through its proper officers and agents determined in good faith that it did not own the lands, it could constitutionally have abandoned its claim to them for that reason. It believed, however, and with reason and honesty, that it did own them, and so the fact may have been, although its title was not apparent or indisputably demonstrable. The fact that it was not finally determined or adjudicated that the state owned them did not justify the commissioner in disposing of them. He had no power of disposition in any event, inasmuch as ownership of the state destroyed his authority by virtue of the Constitution and lack of ownership withdrew them wholly from his jurisdiction. In the absence of a decision on the part of the state or the courts that they were not owned by the state, the commissioner was without authority to assent to or permit through the stipulation or a compromise or other settlement of the action the removal or destruction of the timber.

The respondents assert with argument that the plaintiffs are barred from maintaining the invalidity of the stipulation through the principle of estoppel. There is

not within the findings of fact an element of estoppel on the part of the plaintiffs. A finding is that the compromise settlement was made pursuant to the statutes we have referred to "and in reliance upon the validity thereof." Those statutes did not authorize the commissioner or the state to settle and compromise the action and adjust the claims involved therein in contravention of the constitutional provision. The defendants are not seeking compensation, granted them by the legislature upon moral and equitable grounds, for losses sustained through reliance upon an unconstitutional statute as was the case in *United States* v. *Realty Co.* (163 U. S. 427). They voluntarily, without recital, inducement or request by the plaintiffs or the commissioner, interpreting for themselves the Constitution and the statutes, entered into and fulfilled the stipulation. The fact that the commissioner acted likewise does not constitute an estoppel against the plaintiffs. They have not ignored nor violated any duty or obligation or done aught which in good conscience should prevent them from maintaining that the title to the lands was and is in them. If, however, we are in error in such conclusion, we may confidently assert that the doctrine of estoppel cannot be invoked against the state in support of the unauthorized acts of its officers and agents. (*Wells* v. *Johnston*, 171 N. Y. 324; *Filor* v. *United States*, 9 Wall. 45; *Hord* v. *State*, 167 Ind. 622; *Miller* v. *Mayor, etc., of N. Y.*, 3 Hun, 35; *Attorney-General* v. *Marr*, 55 Mich. 445; *Pulaski County* v. *State*, 42 Ark. 118; *Dement* v. *Rokker*, 126 Ill. 174; *Indiana Central Canal Co.* v. *State*, 53 Ind. 575.)

Under the findings of fact, the trial court should have held that the stipulation, order and judgment were void. The judgment should be reversed and a new trial granted, costs to abide the event.

WILLARD BARTLETT, Ch. J., CHASE, HOGAN, MILLER and CARDOZO, JJ., concur; HISCOCK, J., not voting.

Judgment reversed, etc.