THE PEOPLE OF THE STATE OF NEW YORK, Respondent, Appellant, *v.* WALTER C. WITHERBEE and CHESTER B. McLAUGHLIN, Respondents, Impleaded with SPENCER G. PRIME, Appellant, Respondent.

JOHN F. O'BRIEN and GEORGE A. STEVENS, Appellants.

Third Department, May 2, 1917.

Constitutional law — validity of stipulation and judgment disposing of lands in forest preserve in violation of Constitution, article 7, section 7 — effect of vacating said judgment on right of parties to litigate question of title — right of defendant to withdraw as party.

Where, in an action in ejectment by the State to recover possession of certain wild forest lands, a stipulation is entered into between the parties settling the litigation, by which it is agreed that the defendants shall take judgment dismissing the complaint and adjudging them to be the owners of a certain portion of the land, and shall convey to the people certain tracts, a judgment entered in accordance with said stipulation is void and may be set aside because it attempts to dispose of lands belonging to the forest preserve, in violation of the State Constitution, article 7, section 7.

The vacating and setting aside of said judgment is not a bar to the right of the defendants to litigate the question of title.

One of the defendants who had complied with the stipulation was entitled, prior to the vacating of the judgment, to withdraw as a party defendant.

APPEAL by the defendants, Spencer G. Prime and John F. O'Brien, appearing specially, from an order of the Supreme Court made at the Montgomery Special Term and entered in the office of the clerk of the county of Essex on the 4th day of February, 1916, vacating and setting aside a stipulation and agreement heretofore made herein and the judgment heretofore entered in this action and declaring void and

canceling of record certain deeds, and also from an order entered in said clerk's office on the 21st day of March, 1916, resettling a prior order granting the motion of the defendant Chester B. McLaughlin and striking him from this action as a party defendant thereto.

Appeal by the plaintiff, The People of the State of New York, from the order entered on the 21st day of March, 1916, granting the motion of the defendant Chester B. McLaughlin.

Appeal by George A. Stevens, appearing specially, from the order above mentioned, entered in the office of the clerk of the county of Essex on the 4th day of February, 1916.

The appellants John F. O'Brien and George A. Stevens have acquired some interest in the subject-matter since the action was commenced.

*George N. Ostrander,* for the appellant George A. Stevens.

*Egburt E. Woodbury, Attorney-General* [*A. F. Jenks* and *B. H. Loucks* of counsel], for the plaintiff.

*Patrick J. Tierney,* for the defendants Prime and O'Brien.

*Berne A. Pyrke,* for the respondent McLaughlin.

WOODWARD, J.:

On October 7, 1904, the plaintiff instituted this action in ejectment to recover possession of 1,531 acres in lot 5 of the Whiteface Mountain tracts in North Elba, Essex county. The action was prosecuted in the name of the People by the then Forest, Fish and Game Commissioner, and the defendants answered by a general denial. On the 20th day of December, 1904, the parties entered into a stipulation settling the litigation. By this stipulation it was agreed that the defendants should take judgment dismissing the complaint and adjudging them to be the owners of 787 acres in the south part of the lot. It was agreed that the defendants should convey to the People the balance of the lot and the defendants were likewise to convey to the People certain other tracts of land in Essex county. An order and judgment in harmony with the stipulation was made and entered on the 14th of March, 1905, and the conveyances mentioned were made.

On the 21st of October, 1913, the defendant Chester B. McLaughlin executed a deed to John F. O'Brien and Spencer G. Prime whereby he undertook to convey his interest in the premises in the south part of the lot. This deed was duly recorded on the 15th of September, 1914, and several intervening conveyances were made, which it does not appear necessary to detail here.

On the 24th day of July, 1915, a motion was made to vacate and set aside the judgment and stipulation made in 1905, and this motion was granted by an order of October 9, 1915. Before this order was entered, an order was made on the application of the defendant McLaughlin to show cause why the said McLaughlin should not be permitted to withdraw as a party. Appeal comes to this court from both of these orders.

We are unable to discover any good reason for interfering with the order of the court dropping Mr. McLaughlin from the list of defendants. He has clearly estopped himself from asserting any rights in the premises, and has complied, so far as reasonably to be expected, with the conditions insisted upon by the Attorney-General as a condition of such order. The defendants appealing have no interest in having Mr. McLaughlin in the case, and it is purposeless to reverse the order.

The serious question involved is whether the judgment entered upon the stipulation in the action in 1904 should be set aside. And this question, in principle, appears to us to have been settled in *People* v. *Santa Clara Lumber Co.* (213 N. Y. 61). While that action was brought in equity, and there was an opportunity to contest the validity of the former judgment, the principles enunciated make it evident that the judgment here under consideration was void, as unauthorized by the Constitution, and the court undoubtedly had authority to set aside a void judgment under which parties were claiming rights and interfering with the rights of the State. A void judgment is no judgment (*Village of Fort Edward* v. *Fish*, 156 N. Y. 363, 371, 373), as no rights can arise from an undertaking prohibited by law, whether the contract is *malum in se* or *malum prohibitum.* (*Peck* v. *Burr*, 10 N. Y. 294, 299; *Village of Fort Edward* v. *Fish, supra.*)

The stipulation, if it attempted to dispose of lands belonging to the forest preserve, was forbidden by the Constitution (Art. 7, § 7), and this illegality tainted the entire transaction, and the court in setting aside the judgment has merely left the parties where it found them. ( *Unckles* v. *Colgate,* 148 N. Y. 529, 539.) There is no bar to their litigating the question of title. If the defendants in fact own the property they have just as good title now as they had in 1904. If they had no title then to any part of the premises they could not get it by a so-called compromise judgment, for the State had conclusively determined that the wild forest lands belonging to the State could not be alienated.

The orders appealed from should be affirmed.

Orders appealed from unanimously affirmed, with ten dollars costs and disbursements.