THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.*
RAQUETTE FALLS LAND COMPANY, Defendant.

(Supreme Court, Montgomery Special Term, July, 1917)

Ejectment —judgments — pleading — contracts — deeds — evidence.

After the service of an answer in an action of ejectment
brought by the people of the state denying plaintiff's title and
asserting title in defendant, the then forest, fish and game com-
missioner purporting to act for plaintiff entered into a written
agreement with defendant that the claims of title to the lands
involved be settled; that defendant should take judgment dis-
missing the complaint and adjudging that it was the owner of
the lands in question and should deliver to plaintiff a deed
thereof reserving the right to enter upon a part of the lands for
a period of ten years and cut and remove therefrom the soft
wood timber eight inches and above in diameter and that defend-
ant should also convey subject to a similar reservation a certain
other parcel of land to plaintiff. Pursuant to such agreement,
deeds of conveyance were delivered to plaintiff who went into
possession of the property and has since paid the taxes thereon,
defendant removing the soft wood timber. *Held*, that while the
judgment so entered was void and could not be used as evidence
for or against either party, having accepted the provisions of
the agreement giving it the right to remove the timber from the
land defendant's motion to have the judgment set aside and
vacated on the ground that the forest, fish and game commis-
sioner had no authority to enter into the agreement, and that
he did not bind the state, will be denied.

ACTION in ejectment.

Egburt E. Woodbury, attorney-general (Benjamin
H. McClung, of counsel), for plaintiff.

Edward M. Angell, for defendant.

BORST, J.   This action was brought by the plaintiff
in ejectment to recover from the defendant certain

lands situate in Warren county. An answer was
interposed denying plaintiff's title and asserting title
in the defendant. Thereupon and in February, 1905,
the then forest, fish and game commissioner, purport-
ing to act for the plaintiff, entered into a written
agreement with the defendant that the claims of title
to the lands involved be settled; that defendant should
take judgment dismissing the complaint and adjudg-
ing that defendant was the owner of the lands in ques-
tion and that the defendant should deliver to the plain-
tiff a deed of the lands described in the complaint
reserving to the defendant the right to enter upon a
part of the lands for a period of ten years and cut
and remove therefrom the soft wood timber eight
inches and above in diameter and that the defendant
should also convey, subject to a similar reservation,
a certain other parcel of land to the plaintiff. There-
upon, pursuant to the agreement, the deeds were
delivered to the plaintiff, who went into possession of
the property and has since paid the taxes thereon,
the defendant removing the soft wood timber. The
amount of this does not appear. However as the
tract is a large one and the amount of timber was a
subject of consideration by the parties, it must have
been a substantial amount. The judgment was
entered in 1905 and conveyances made to the plaintiff
by the defendant in conformity with the agreement.
Defendant now moves to set aside the judgment and
agreement and the stipulation made by the attorneys
in the action stipulating for its discontinuance.

In a similar action between these parties affecting
lands in Essex county, a judgment entered on a similar
agreement was, on plaintiff's motion, set aside and
vacated on the ground that the forest, fish and game
commissioner had no authority to enter into the agree-
ment and that it did not bind the state. The Court

of Appeals in *People* v. *Santa Clara Lumber Co.,* 213 N. Y. 61, held that a judgment entered in an action under circumstances similar to those entered into in this action did not bind the state and that the state was not estopped against maintaining an action to have the judgment and the agreement on which it was entered vacated and set aside and that such agreement and such judgment were void. *United States* v. *Lee, Wilson & Co.,* 214 Fed. Rep. 630, 651, previously decided; *People* v. *Witherbee,* 178 App. Div. 368.

It is urged on behalf of the defendant that as the judgment is void it should be vacated; that it does not bind either party; that a judgment entered under a similar agreement having been vacated the defendant is entitled to the same relief as that accorded the plaintiff in the other action in which the parties herein were parties.

While the judgment entered pursuant to the agreement is void and cannot be used as evidence for or against either party, yet the question presents itself whether the defendant having accepted the provisions of the agreement giving it the right to remove the timber from the land may now have the judgment vacated. 23 Cyc. 897. The parties stand in different situations before the court on this application. The judgment is void as declared by the Court of Appeals in the *Santa Clara Lumber Co.* case as to each party and does not estop either party from questioning it when it is sought to assert a right under it. But the position of the parties is different when they ask for relief such as is now sought. On behalf of the defendant, the judgment was entered by authority and it has taken the fruits of such judgment. It may not now be heard to ask to have the agreement and judgment vacated under which it acted and had authority to enter into.

In 2 Black on Rescission and Cancellation (§ 608, p. 1404) it is said: "A party to a contract may be estopped from urging his discharge from liability on it by reason of the other's want of authority to make it. And the assertion of a claim founded on the contract, or the retention of a right or benefit accruing under it, is such an acquiescence in the situation as will estop the party from afterwards seeking to rescind it " (citing *Pancoast* v. *Travellers Ins. Co.,* 79 Ind. 172, 178), in which numerous authorities are cited in support of the proposition. The rule thus stated is, it seems to me, sound and should control this motion. The motion is therefore denied, with ten dollars costs.

Motion denied, with costs.