## THIRD DEPARTMENT, MAY, 1919.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RAQUETTE FALLS
LAND COMPANY, Appellant.   (Hamilton County Action.)

*Practice — constitutional   law — vacating   stipulation — reimbursement   for taxes.*

Appeal by the defendant, Raquette Falls Land Company, from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Hamilton on the 21st day of March, 1918, denying its motion to vacate a stipulation herein and also to vacate the judgment entered and deed delivered pursuant thereto.

COCHRANE, J.: The facts in this action are the same as in the Warren county action between the same parties, decided herewith (*post,* p. 943), except that the defendant has not removed any timber from the lands described in the complaint herein. Consequently, the question of estoppel does not here arise. It is true the State has paid taxes on all the land described in the deed from the defendant to it but the defendant by proper reimbursement can restore the State to a position no less favorable by reason of such payments and should do so as a condition of granting the motion. The amount of such payments is a matter of record and cannot be the subject of controversy. The character of this circumstance is not such as to work an estoppel against the defendant. It is different from the removal of timber in the other action. The growing timber is an essential feature of the State lands. There is a constitutional prohibition against its removal. Compensation does not take the place thereof. In the other action the State cannot be restored to the status contemplated by the Constitution. We regard the case of *People* v. *Santa Clara Lumber Company* (213 N. Y. 61) as an authority for this motion. The order should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, on condition however, that the appellant reimburse the respondent for the taxes paid by it since the commencement of the action on all the lands included in the deed from the defendant to it, with interest on such payments, and unless such reimbursement be made within thirty days, order affirmed, with ten dollars costs and disbursements. All concurred, except H. T. Kellogg, J., who voted for reversal, without condition.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, on condition, however, that the appellant reimburse the respondent for the taxes paid by it since the commencement of the action on all the lands included in the deed from the defendant to it, with interest on such payments, and unless such reimbursement be made within thirty days, order affirmed, with ten dollars costs and disbursements.