The People of the State of New York, Appellant, *v.* Finch, Pruyn and Company, Incorporated, and Others, Respondents, Impleaded with Jeremiah T. Finch and Others, Defendants.

Third Department, November 15, 1923.

State — motion by defendants to set aside stipulation and deed to State in settlement of action by State to compel defendants to convey lands — reservation in deed of timbor to defendants is not violation of State Constitution, art. 7, § 7, and is legal — Attorney-General had power to settle action — stipulation and deed will not be set aside.

In an action by the State to compel the defendants to convey certain lands to the State, the title to which the State claims the defendants acquired fraudulently with knowledge of an agreement by a prior owner to convey to the State, a deed made by the defendants to the State in settlement of the action pursuant to a stipulation which recognized the validity of the title of the defendants and reserved to them the right to enter upon the land and remove certain timber therefrom within ten years, is not a violation of section 7 of article 7 of the State Constitution prohibiting the sale of timber on State lands, since the State did not claim title to the lands at the time the action was instituted but claimed merely that it had the right to have the lands conveyed to it.

The Attorney-General had the power under section 62 of the Executive Law or at least under the common law to settle the action by accepting a deed containing the reservations in question.

Accordingly, the defendants are not entitled to have the deed and stipulation set aside on the ground that they are invalid.

Appeal by the plaintiff, The People of the State of New York, from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Warren on the 5th day of July, 1923, granting the motion of the defendant Finch, Pruyn and Company, Incorporated, to set aside a stipulation and deed made and delivered by the defendants herein in settlement of this action.

*Carl Sherman, Attorney-General [Roy Lockwood, Deputy Attorney-General, of counsel], for the appellant.*

*George N. Ostrander [William T. Moore of counsel], for the respondents.*

Hasbrouck, J.:

In 1905 and prior thereto one Zenas Van Dusen held title to and was the owner of a strip of land forty-five chains wide across the northerly end of township 13 in Totten and Crossfield's Purchase in the county of Warren, N. Y.

The State employed one Frank L. Bell to investigate the title and to make recommendations as to its purchase. Having found the title in Van Dusen he was authorized by the Forest, Fish and

Game Commission to acquire it for the State. He employed William H. Rice, because he was a cousin of Van Dusen's, to conduct the negotiations. They resulted in a deed of the property to Rice, who refused to convey to the State and conveyed to several defendants his interest in the property. On or about the 11th day of August, 1908, the State brought an action to compel the defendants accepting title based on the alleged fraud of Rice to convey the lands in dispute to the State.

Answers were interposed by the defendants. On or about January 4, 1909, the action was settled. The evidence of the settlement is a deed by the defendant owners to the State of the lands in question. The State accepted the deed containing a reservation to the defendants of the soft timber down to ten inches, the right to enter upon the land and remove such timber within ten years or the timber to become the property of the State. The State, too, as a condition of the grant recognized the validity of the title of the defendants.

About the year 1910 the People brought an action to vacate a judgment of November 8, 1904, had in an action wherein the People were plaintiff and the Santa Clara Lumber Company and others were defendants in which they had judgment with an award for damages which was based upon a stipulation of the parties and an order of the court. In the 1910 action the plaintiff having suffered defeat in the original and intermediary court succeeded in the Court of Appeals. (*People* v. *Santa Clara Lumber Co.,* 213 N. Y. 61.)

The principle invoked by the State was that where the complaint in the action was based on an allegation of the ownership of land in the Forest Preserve it could not if such ownership existed allow the timber thereon to be reserved and thus suffered to be sold, removed or destroyed. (Const. art. 7, § 7.)

Upon the facts involved in the 1904 action, COLLIN, J., held in the 1910 action: " Had the State through its proper officers and agents determined in good faith that it did not own the lands, it could constitutionally have abandoned its claim to them for that reason. It believed, however, and with reason and honesty, that it did own them, and so the fact may have been, although its title was not apparent or indisputably demonstrable. The fact that it was not finally determined or adjudicated that the State owned them did not justify the Commissioner in disposing of them. He had no power of disposition in any event, inasmuch as ownership of the State destroyed his authority by virtue of the Constitution *and lack of ownership withdrew them wholly from his jurisdiction.*" (*People* v. *Santa Clara Lumber Co.,* 213 N. Y. 66.)

There are differences between the case at bar and the *Santa Clara* case. There the action was based upon the ownership of the State of the lands in suit. Here it is not based on such ownership. It is based upon a claim of fraud in refusing to carry out an agreement. The complaint negatives ownership and seeks to obtain it. Inasmuch as there was no claim of ownership to the lands in question asserted by the State up to the time of the settlement it must be apparent that the decision of the Court of Appeals in the *Santa Clara* case furnished no precedent for the court at Special Term. The lands never having been in the ownership of the State it was perfectly competent for it to receive a deed reserving the right of the grantors to remove certain timber. That timber could not become the property of the State until ten years had elapsed under the terms of the deed.

The claim asserted May 18, 1917, in the letter of Pratt to the defendants after the State had received the deed from the defendants did not affect the situation. (*Herkimer Lumber Co.* v. *State of New York*, 196 App. Div. 708.) There was power in the Attorney-General to make a settlement of the suit of 1908. If he did not possess such power under section 62 of the Executive Law he certainly possessed it under the common law. (*People* v. *Miner*, 2 Lans. 396; *People* v. *Brennan*, 69 Misc. Rep. 548; *People* v. *Tobacco Mfg. Co.*, 42 How. Pr. 162; *Follmer* v. *State*, Anno. Cas. 1914D, 155.)

The settlement was made in the belief that the State did not own the lands. The settlement under such circumstances was constitutional. When the State settled and accepted the deed it did so upon the recognition of the validity of the title of the defendants. This was not an unauthorized act. Not owning the lands and representing the State the Attorney-General was in a position to estop the State from afterwards claiming to the contrary. It is only the unauthorized acts of the officers of the State that fail to operate as an estoppel. (*Santa Clara Case, supra; People* v. *Raquette Falls Land Co.*, 100 Misc. Rep. 601; 188 App. Div. 936, 943.)

The letter of Commissioner Pratt and the attempts to have an action brought upon his challenge of the defendants' title illustrates the indifference of public officers to public duty in protecting private rights. If the ownership of the defendants had been what they claimed they would have been warranted in taking the timber and the law would have protected them against civil or criminal prosecution.

I think the consequences of their failure are upon their own heads. If the deed be a valid deed it should not be set aside.

The order should be reversed, with ten dollars costs and disbursements.

H. T. KELLOGG, VAN KIRK, HINMAN and McCANN, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.