John J. Dillok", J.
The action is brought for a declaratory judgment declaring unconstitutional chapter 88 of the Laws of 1961. The enactment is an amendment to subdivision A of section 2 of chapter 526 of the Laws of 1936 which provided for the establishment of Police Departments in towns of the first class in Rockland County. The amendment authorizes such a town to enter into an agreement with any village .wholly or partly within the town limits, and which maintains its own Police Department, to provide for apportionment of the cost of the town Police Department between the village and the remainder of the town. The purpose of the legislation was to bring the law with respect to Rockland County into conformity with that pertaining to the other counties of the State as authorized ■by section 150 of the Town Law. The new amendment took effect in March, 1961.
The plaintiff Town of Ramapo is a town of the first class. One of the defendant villages is partly within the town and the *591 other is wholly within it. Both maintain their own Police Departments having four or more policemen. In December, 1961, the town concluded an agreement with the two villages providing that for the year 1962 the villages would be exempted from 30% of their normal assessment for town police services, and that for 1963 they would be exempted from 60% and for 1964 from 90% of such assessments. The agreement contained a recital that the town had been advised that the enabling statute might be unconstitutional, and it was expressly agreed that if it should be so held the town would be reimbursed for the amount of the exemptions.
Almost immediately following the making of the agreement the town commenced this action. The defendants answered and the town now moves for judgment on the pleadings. The defendants have raised two preliminary questions in the answers and upon this motion. The first is that the plaintiff is estopped from questioning the validity of a contract into which it had voluntarily entered, or has waived its right to do so. Generally speaking these defenses are not available against a municipality (People v. Santa Clara Lbr. Co., 213 N. Y. 61; Marcus v. Village of Mamaroneck, 283 N. Y. 325). But in the present case the facts are such that the plaintiff need not rely on any special governmental privilege because the elements of estoppel and waiver are lacking. Estoppel is an ethical concept, enforeible when good conscience and honest dealing require it (Small v. Housman, 208 N. Y. 115, 123). The doctrine is based “upon the word or deed of one party upon which another rightfully relies and so relying changes his position to his injury ” (Metropolitan Life Ins. Co. v. Childs Co., 230 N. Y. 285, 292; Lynn v. Lynn, 302 N. Y. 193, 205). We have no such situation here. The defendants were not misled. They were plainly warned in the contract that the plaintiff doubted the legality of the statute on which the contract depended, and they agreed that the town should be reimbursed if the statute should be declared unconstitutional. The clear implication was that the constitutional question would be judicially tested. Nor have the defendants been injured by any action of the plaintiff. If the law should be held invalid they are in precisely the same situation as they were before the agreement was made. The defendants are in no better position on the theory of waiver. Far from waiving its rights, the town expressly reserved them.
The second question is whether the remedy of an action for declaratory judgment is available to the plaintiff. It seems plain to the court that there is an existing controversy. The villages sought the tax exemption. It must have been evident *592 to the members of the Town Board that if the exemption were granted an added tax burden would be east upon the residents of other portions of the town. Whether the town granted or refused to grant the demand of the villages, the town might be open to suit at the instance of one group or the other. Under these circumstances an agreement was made which favored the villages, but with the distinct reservation that the question of legality should be tried out. The only conclusion to be drawn is that there has been a continuing controversy. It is no answer to say that no taxpayer of the town has questioned the validity of the agreement. The town is a party to the contract, and it does not know whether the contract is binding upon it or not. The logical plaintiff is one of the parties to the doubtful contract.
•Consequently the two preliminary objections are held to be without merit, and the constitutional question must be determined. The obvious purpose of the statute is to protect the citizens of a village which maintains an adequate police force from the burden of double taxation. It seems inequitable that such persons should be additionally taxed for the maintenance of a town police force, from which the village receives little or no benefit and for which it has no need. The same kind of legislation had previously been enacted for all towns of the first class (Town Law, § 150). Apparently the general law did not apply to Rockland County because the town Police Department had been created by special act. The present legislation was enacted simply for the purpose of granting to the villages in Rockland County the same rights as villages elsewhere.
The plaintiff argues that the statute is in violation of section 1 of article XVI of the Constitution, which provides that ‘ ‘ Exemptions from taxation may be granted only by general laws ”; and of section 17 of article III, which bars the Legislature from passing a private or local bill “ Granting to any person, association, firm or corporation, an exemption from taxation on real or personal property.” Obviously the Legislature may not delegate to local officials what it may not do itself (People ex rel. Doctors Hosp. v. Sexton, 267 App. Div. 736). But the legislation we are dealing with here is in no sense a grant of tax exemption. On the contrary it represents an attempt to equalize assessments to defray the cost of performing a necessary municipal function. It would be a practical impossibility for the Legislature to attempt to make the necessary apportionment in every political subdivision of the State, and consequently it is perfectly proper to confide a measure of discretion to local officials (Genet v. City of Brooklyn, 99 N. Y. 296). In the exercise of such discretion *593 inequality may at times result, but as was said in the Genet case (p. 307): “ There is no constitutional guaranty that taxation shall be just and equal ’ \
If the present statute were held to violate the Constitution, section 150 of the Town Law would likewise fall. So also would a host of other enactments to which the defendants call attention. There are laws which authorize an apportionment of expenditures between interested municipalities with respect to road districts (Highway Law, § 277); water districts (General Municipal Law, § 120-t); garbage disposal (General Municipal Law, § 120-w); the operation of public docks (General Municipal Law, § 120-x) and perhaps many others. Granted that a statute is not necessarily constitutional because there are others like it, the argument is nevertheless persuasive that repeated violations of the fundamental law by the Legislature is an unlikely occurrence. The court concludes that the statute here considered is not unconstitutional.
The plaintiff’s motion for judgment on the pleadings is therefore denied, and since the court has the power under rule 112 of the Buies of Civil Practice to give judgment in favor of either party, judgment is granted in favor of the defendants dismissing the complaint.