Donald ROBINSON, et al., Plaintiffs,

v.

PAN AMERICAN WORLD AIRWAYS, INC., Defendant.

No. 84 Civ. 4094 (RWS).

United States District Court, S.D. New York.

Dec. 22, 1986.

SWEET, District Judge.

Defendant Pan American World Airways ("Pan Am") has moved this court to reconsider its September 16, 1986 opinion in *Robinson v. Pan American World Airways*, 645 F.Supp. 70 (S.D.N.Y.1986). The motion for reconsideration is granted and upon reconsideration the opinion will stand as filed.

In its motion to reconsider, Pan Am argues that the court's holding on the subject of equitable estoppel is inconsistent with the weight of authority in the Southern District and in particular with the rule set down in *Anisfield v. Cantor Fitzgerald & Co.*, 631 F.Supp. 1461, 1466 (S.D.N.Y.1986), that: "[S]ettlement negotiations are not sufficient to constitute an estoppel."

However, in its policy manual, Pan Am represented that it would issue a decision thirty days after a grievance hearing and that decision would be ruled on by the vice president for personnel within seven days after issuance. The Second Circuit noted over a year ago in November, 1985, "Pan Am does not dispute plaintiffs' characterization of its personnel manual, nor the allegation that it has yet to rule on plaintiffs' grievances, which are now over four years old." *Robinson v. Pan American World Airways*, 777 F.2d 84, 89 (2d Cir.1985). While the pendency of an internal grievance proceeding alone does not toll the running of the limitations period, *Robinson*, 645 F.Supp. at 73, in this case there is more. First, plaintiffs contacted Pan Am a number of times to complain that no decision had been issued as promised. Had Pan Am said that no decision would be

issued, or even if it had remained silent, there might be a different result in this case. Instead, Pan Am repeatedly represented that "a decision on the grievances would be forthcoming," *id.* at 74, and during the same period Pan Am reinstated "similarly situated foremen," *id.* Together, this is enough to "lull[ ] the plaintiff into believing that it was not necessary for him to commence litigation." *Dillman v. Combustion Eng'g, Inc.,* 784 F.2d 57, 61 (2d Cir.1986) (quoting *Cerbone v. International Ladies' Garment Workers' Union,* 768 F.2d 45, 48 (2d Cir.1985)).

■ Pan Am argues that if this decision stands, the long term effect will be to discourage employers from discussing settlement at all. However, the opinion does *not* hold that settlement tolls the statute of limitations but rather that a company cannot string a plaintiff along with repeated promises to render a decision that might moot a lawsuit (in response to diligent inquiries) and then turn around and claim that the statute of limitations has lapsed while the plaintiff awaited the oft promised decision.

■ In addition, the court's previous decision will not chill settlement discussions because of the unique, highly discretionary, and highly fact-bound nature of the equitable estoppel remedy. The very root of equity is the need to give relief where the strict enforcement of the rules of law would work injustice. O. Fiss & D Rendleman, *Injunctions* 105 (1984); J. Pomeroy, 1 *Equity Jurisprudence* § 50, at 64–65 (1941). As a New York court has explained, "Estoppel is an ethical concept, enforcible when good conscience and honest dealing require it." *Town of Ramapo v. Village of Valley Spring,* 40 Misc.2d 589, 243 N.Y.S.2d 569, 571 (Sup.Ct.1962), *appeal dismissed,* 13 N.Y.2d 918, 244 N.Y. S.2d 67, 193 N.E.2d 892 (1963). *See also Kaneb Services v. Federal Savings & Loan Ins. Corp.,* 650 F.2d 78, 82 n. 11 (5th Cir.1981). Because of its unique nature as a special tool to do justice in individual cases, *equitable* estoppel differs from rules of *law* in that, like other equitable remedies, estoppel is not subject to fixed and settled rules of universal application: "An equitable estoppel rests largely on the facts and circumstances of the particular case; consequently any attempted definition usually amounts to no more than a declaration of estoppel under those facts and circumstances." *Ayer v. Board of Education of Central School District No. 1,* 69 Misc.2d 696, 330 N.Y.S.2d 465, 468 (Sup. Ct.1972) (quoting 21 N.Y.Jur., Estoppel, Ratification and Waiver § 15). *See also Travelers Indemnity Co. v. Swanson,* 662 F.2d 1098, 1101 (5th Cir.1981) ("because estoppel is equitable in nature, it 'depends upon the facts and circumstances of each case.' "). On these facts, this court has found that the lack of "good conscience and honest dealing," *Ramapo,* 243 N.Y. S.2d at 571, warrants the exercise of its equitable discretion to "close[ ] the mouth of the" movant, *Harlan v. Harlan,* 70 Cal. App.2d 657, 161 P.2d 490, 493 (Dist.Ct. of App.Cal.1945), in pleading a defense of the statute of limitations. This is unlikely to result, as Pan Am submits, in the wholesale undermining of private settlement discussions.

■ Pan Am also asks the court to reconsider its decision on the grounds that granting summary judgment to plaintiffs on the estoppel issue is premature. In Pan Am's words: "It may well be that, in the course of discovery, the documentary evidence will be explained and supplemented in such a way as to create a real issue of fact as to what Pan Am's representatives actually *said....*" Memorandum in Support of Pan Am's Motion to Reconsider 5–6 (Oct. 1, 1986) (emphasis in original). As the Second Circuit has recently said, a party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 12 (2d Cir.1986). This is particularly the case when the information about which Pan Am is speculating—what their own representatives "actually *said* "—is within their own control.

Finally, Pan Am has requested the court to certify this issue for interlocutory appeal. While the issue may by its nature be unique and subject to differing resolutions, there is no basis on which to conclude that the ultimate termination of the action will be advanced by another appeal.

In sum, Pan Am's motion to reconsider is granted, and upon reconsideration the opinion will stand as filed. Pan Am's application for a certification for interlocutory appeal is denied. Discovery will be completed by February 18, 1987 and the pretrial order filed by February 25, 1987 without a further application by the parties.

IT IS SO ORDERED.